**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL J. FULKERSON,

Plaintiff,

v.                                                              Case No. 20-11050
                                                                Hon. Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY
Defendant.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 17), GRANTING DEFENDANT COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (ECF. 15), AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 13)**

## I.  INTRODUCTION

This matter is before the Court on Magistrate Judge Anthony P. Patti's Report and Recommendation (ECF No. 17) to grant the Motion for Summary Judgment filed by Defendant Commissioner of Social Security ("Commissioner") (ECF No. 15) and to deny Plaintiff Michael J. Fulkerson's ("Fulkerson's") Motion for Summary Judgment (ECF No. 13).  Timely objections and a response to the objections have been filed. (ECF Nos. 18, 21).

1

On February 12, 2020, Administrative Law Judge ("ALJ") Lawrence E. Blatnik determined that Fulkerson could perform a significant number of jobs in the national economy despite multiple physical and psychological impairments. (ECF No. 11, PageID.47-62). On August 22, 2021, Magistrate Judge Patti issued a Report and Recommendation, recommending that the Court uphold the administrative decision. (ECF. No. 17). Fulkerson makes several objections to the Magistrate Judge's recommendation.

## II.  ANALYSIS

### A.  Standard of Review

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). The relative weight accorded by the administrative law judge ("ALJ") to various portions of the record must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a de novo review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v.*

*Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. In order to preserve the right to appeal the magistrate judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

### B. Plaintiff's Objections

Fulkerson makes four objections to Magistrate Judge Patti's recommendation to uphold the administrative determination. First, he takes issue with the Magistrate Judge's finding that he did not meet Listing 12.15(C). (ECF No. 18, PageID.1409); 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1215(C). Second, he disputes the finding that he experienced more than "a minimal capacity to adapt to changes" in

his environment which also challenges the finding that he did not meet Listing 12.15(C). (*Id*, PageID.1409). Third, he states that the evidence of record and his own professed functional limitations support the finding that he meets the Listing. (*Id.*, PageID.1409-1410). Fourth, he argues that the evidence of record shows that his limitations resulting from the diagnosis of Post-Traumatic Stress Disorder ("PTSD"), combined with his physical problems were disabling. (*Id.*, PageID.1410).

In turn, the Commissioner, argues that substantial evidence supports the finding that Fulkerson did not meet either requirement for disability under Listing 12.15(C). (ECF No. 20, PageID.1419-1423). The Commissioner contends that the same body of evidence also supports the ALJ's Residual Functional Capacity for a limited range of unskilled, exertionally light work. (*Id.*, PageID.1423-1424).

Because Fulkerson's first three objections relate to the ALJ's finding that he did not meet Listing 1215(C), they will be considered in tandem. Fulkerson's fourth objection, which appears to dispute the finding that he possessed the Residual Functional Capacity to perform a significant range of unskilled, exertionally light work, will be considered separately.

### 1. Listing 12.15C

"At the third step of the administrative analysis, a claimant meeting or medically equaling the requirements of a Listed Impairment will be deemed conclusively disabled and entitled to benefits." *Reynolds v. Comm. of Soc. Sec.*, 424

4

Fed. Appx. 411, 414, 2011 WL 1228165, *2 (6th Cir. April 1, 2011); 20 C.F.R. § 404.1520(a)(4)(iii). "Listing of Impairments, located at Appendix 1 to Subpart P of the regulations, describes impairments the SSA considers to be 'severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience.'" *Id.* (*citing* 20 C.F.R. § 404.1525(a)). To establish disability at Step Three of the sequential analysis, the claimant must satisfy all of listing's criteria for a finding that s/he meets a listed impairment. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 855 (6th Cir. 1986); *Houston v. Colvin*, 2017 WL 82976, at *2 (E.D. Mich. January 10, 2017)(Drain, J.)(*same*). The claimant bears the burden of establishing that he meets or medically equals a listed impairment. *Buress v. Sec'y of Health & Human Servs., 835* F.2d 139, 140 (6th Cir. 1987).

To meet Listing 12.15 ("Trauma and stressor-related disorders"), an individual must first establish "A. Medical documentation of all of the following:

    1. Exposure to actual or threatened death, serious injury, or violence;

    2. Subsequent involuntary re-experiencing of the traumatic event (for example, intrusive memories, dreams, or flashbacks);

    3. Avoidance of external reminders of the event;

    4. Disturbance in mood and behavior; and

    5. Increases in arousal and reactivity (for example, exaggerated startle response, sleep disturbance)."

20 C.F.R. Part 404, Subpart P, Appendix 1, § 1215. The Commissioner does not argue that Fulkerson failed to meet the threshold requirements of the Listing.

To meet the Listing, the individual must also show (relative to the present arguments) that he meets the "C criteria," which requires the following showing:

> Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
>
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder . . . and
>
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00(G)(2)(c)) [1].

---

[1] Under 12.00(G)(2)(c), "'Marginal adjustment' means that your adaptation to the requirements of daily life is fragile; that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life. We will consider that you have achieved only marginal adjustment when the evidence shows that changes or increased demands have led to exacerbation of your symptoms and signs and to deterioration in your functioning; for example, you have become unable to function outside of your home or a more restrictive setting, without substantial psychosocial supports. 12.00(D). Such deterioration may have necessitated a significant change in medication or other treatment. Similarly, because of the nature of your mental disorder, evidence may document episodes of deterioration that have required you to be hospitalized or absent from work, making it difficult for you to sustain work activity over time." Under 12.00(D), substantial psychosocial supports include family assistance in administering medication and paying bills; "24/7" mental health treatment or inpatient treatment; help from social worker or crisis response team members; or a limitation to a "highly structured" living environment involving living alone and "eliminating all but minimally necessary contact with the world outside your living space."

Fulkerson contends that his outpatient psychological care since his diagnosis in December 2013 establishes that his symptoms of PTSD are "serious and persistent" under 12.15(C)(1). (ECF No. 18,PageID.1408)(ECF No. 11, PageID.402). He disputes the ALJ's conclusion that he did not meet Listing 12.15(C)(1) due to the "fail[ure] to demonstrate consistent mental health treatment." (ECF No. 11, PageID.53). Contrary to Fulkerson's argument, records created between the amended alleged onset date of October 1, 2017 through the date of the decision show that he received regular psychological care only through June 2018. (ECF No. 11, PageID.803). While the evidence shows that Fulkerson received *some* treatment, substantial evidence supports the ALJ's finding that he did not experience "serious and persistent" symptoms as required by 12.15(C)(1).

Whether Fulkerson could meet the requirements of 12.15(C)(1) is not important given that substantial evidence easily supports the ALJ's finding that Fulkerson does not meet the criteria for 12.15(C)(2), for which he was required to show that he had only "minimal capacity to adapt to changes" in environment or "demands that are not already part of [his] daily life." First, the Step Three finding is supported by a non-examining reviewer's express finding that Fulkerson did not meet the requirements of Listing 12.15(C). (*Id*., PageID.123-124). Second, the ALJ provided an adequate discussion of the records supporting his Step Three findings, observing that while Fulkerson alleged problems getting along with others, including

7

authority figures, he was "pleasant and cooperative" at a Social Security field office interview and interacted appropriately with others at the administrative hearing. (ECF No. 11, PageID.52-53).

Third, the ALJ provided supplemental reasons elsewhere in the administrative determination for declining to find that Fulkerson met the requirements of Listing 12.15(C). He cited a March 2018 diagnosis of PTSD made in connection with an application for VA benefits showing that while Fulkerson was "distant, resistant, [and] defensive," he exhibited appropriate behavior and "was able to perform all activities of daily living without assistance." (ECF No. 11, PageID.55) *citing* (Id., PageID. 668). The same examination records state that Fulkerson quit his job in August, 2017 and had "no plans to seek employment, no plans to rehabilitate, no plans to make any changes, [and] no plans to ameliorate anger behaviors." (*Id.*, PageID.668). Rejecting Fulkerson's contention that he was unable to interact appropriately with others, the ALJ cited July 2019 psychological examination records indicating that Fulkerson was "verbal and pleasant." (*Id.*, PageID.57) *citing* (*Id.,* PageID.1272). The same records state that Fulkerson experienced only mild anxiety and would be able to manage his benefit funds. (*Id.*, PageID.1272). Fulkerson's admission that he shopped and dined out also undermines his claim of disabling psychological limitation (ECF No. 11, PageID.1269).

Because substantial evidence supports the finding that Fulkerson does not require "substantial psychosocial support" to manage his finances, organize his regular activities, or interact with others, the ALJ's finding that he did not meet Listing 12.15(C) should remain undisturbed.

**2. The Residual Functional Capacity ("RFC")**

Fulkerson also claims that the RFC for "simple, routine, and repetitive tasks; and work in a low-stress environment without frequent changes" (ECF No. 11, PageID.53) does not account his full degree of psychological limitation. (ECF No. 18, PageID.1410). He cites his own statement that he lives "in isolation" except for a one-hour shopping trip with his wife each week and telephone interaction with his one out-of-state friend. (*Id.*). He cites a June 2016 psychological evaluation showing severe depression and extreme anxiety and a December 2016 evaluation by a Veterans' Administration ("VA") physician showing "'[o]ccupational and social impairment with deficiencies in most areas . . .'" (Id., PageID.1411) *quoting* (ECF No. 11, PageID.549), (*Id*., PageID.664). Fulkerson contends that his combined psychological limitation and physical limitations direct a finding of disability. (ECF No. 18, PageID.1411). On a related note, he argues that the ALJ erred by giving insignificant weight to the VA doctors' findings regarding his physical conditions.

In turn, the Commissioner argues that the RFC reflecting only some of Fulkerson's professed limitations is supported by substantial evidence. (ECF No.

9

20, PageID.1423-1425). The Commissioner disputes Fulkerson's argument that the ALJ erred by declining to adopt the findings by VA sources, noting that under 20 C.F.R. § 404.1504, the ALJ is not required to "'provide any analysis'" about another governmental agency's finding that a claimant is "'disabled, blind, employable, or entitled to any benefits.'" (*Id*., PageID.1425).

An RFC describes an individual's residual abilities. *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002). The "RFC is to be an 'assessment of [a claimant's] remaining capacity for work' once [his] limitations have been taken into account" *Id.* (*quoting* 20 C.F.R. § 416.945). In determining a claimant's RFC, it is necessary to consider (1) objective medical evidence as well as (2) subjective evidence of pain or disability. §§ 404.1545(a)(1); 416.945 (RFC must be based on all "relevant evidence"). The ALJ must consider the alleged physical, mental, and environmental restrictions in crafting the RFC. §§ 404.1545(b-d); 416.945. It is well settled that an ALJ is permitted to draw from the record as a whole in crafting the RFC. *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 727-728 (6th Cir. September 5, 2013).

In regard to the alleged psychological limitations, substantial evidence discussed above supports the finding that Fulkerson is capable of a limited range of unskilled work. The record shows that he was able to interact with individuals outside his household appropriately, dine out on an occasional basis, drive, and shop

with his wife on a weekly basis. While Fulkerson seems to argue that the allegations of limitation in his functional report (poor interaction with authority figures, social isolation) ought to have been credited (ECF No. 11, PageID.239-240), the Report and Recommendation accurately notes that he had made no "developed challenge" to the ALJ's rejection of the disabling psychological limitation. (ECF No. 17, PageID.1394)(ECF No. 11, PageID.54). *See Stanley v. Secretary of Health and Human Services*, 39 F.3d 115, 118–119 (6th Cir. 1994)(ALJ is not required to incorporate unsupported claims in hypothetical question to VE or by extension, RFC). While Fulkerson argues broadly that his physical limitations exacerbate his psychological problems, he fails to point to any physical limitation which would support a more reduced RFC.

Finally, while Fulkerson argues that the findings by the VA doctors and the ultimate VA determination that he was partially disabled are entitled to "substantial weight," (ECF No. 18, PageID.1412), Magistrate Judge Patti properly noted that for claims filed on or after March 27, 2017, the ALJ is required only to "*consider* all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision." (ECF No. 17, PageID.1399-1400)(*quoting* 20 C.F.R. § 404.1504))(emphasis added). Fulkerson applied for DIB on February 25, 2019, well after § 404.1504 went into effect. Although the current regulation only requires the fact-finder to *consider* the evidence generated by the VA sources, the

11

ALJ provided a thorough discussion of the March 2018 VA-generated evaluation of the physical and psychological conditions.  (ECF No. 11, PageID.55).  Aside from the discussion of this evidence, the ALJ stated expressly that while he did not analyze "any disability decisions by other governmental agencies," he "did consider all available evidence underpinning those determinations and statements." (*Id*., PageID.59).  The ALJ's discussion of the VA evidence, coupled with his statement that the evidence generated by the VA examinations was considered, satisfies the requirements of § 404.1504.   For these reasons as well, this objection is overruled and Magistrate Judge Patti's Report and Recommendation is accepted.

### III.  Conclusion

**IT IS ORDERED** that the August 22, 2021 Report and Recommendation of Magistrate Judge Anthony P. Patti **(ECF No. 17)** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's November 30, 2020 Motion for Summary Judgment **(ECF No. 13)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's March 3, 2021 Motion for Summary Judgment **(ECF No. No. 15)** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

  s/ Denise Page Hood
DENISE PAGE HOOD,
Chief Judge

DATE: September 30, 2021